## EX PARTE HUERTAS, PETITIONER.

### PETITION for Admission to the Bar without Examination.

No. 35.—Decided December 9, 1924.

ATTORNEYS—ADMISSION TO BAR—UNMATRICULATED STUDENTS—EXAMINATIONS.— An unmatriculated student who in 1911 passed the first year's examination for admission to the bar before the board created by the Act of 1906 and who, under Joint Resolution No. 28 of 1919, passed in 1923 and 1924 the examinations for the next two years before the board created by section 3 of Act No. 38 of 1916, must also pass an examination before the board created by section 2 of the said Act No. 38 of 1916 in order to be admitted to the bar.

The facts are stated in the opinion of the court delivered by MR. CHIEF JUSTICE DEL TORO.

Edelmiro Huertas Zayas filed a petition which reads in part as follows:

"1st.—That in 1911 the petitioner passed the first year's examination for admission to the bar before a board of examiners appointed by this court.

"2nd.—That by the authority of a Joint Resolution adopted by the Legislative Assembly of Porto Rico on June 20, 1919, the petitioner appeared before a board of examiners of candidates for admission to the bar lawfully constituted in the University of Porto Rico and passed the examinations for the second and third years in June, 1923, and May, 1924, respectively.

"For which reason he prays this Court to admit him to the bar of Porto Rico without examination in conformity with the provisions of section 5 of the Act of May 8, 1906, which was in force in 1911 when the petitioner passed his first year's examination and is applicable in accordance with the spirit of Joint Resolution No. 28 of June 20, 1919, *supra,* the petitioner relying also upon the decision of this Court in the case of Ex Parte Mario Figueroa del Rosario on petition for admission to the bar."

He exhibited with his petition two letters addressed to him by the clerk of the Library of the College of Law of the University of Porto Rico showing that in June of 1923 he passed examinations on Criminal Procedure, Evidence, Bankruptcy, Civil Procedure and Commercial Law with an average above 75 per cent and that in June of 1924 he passed examinations on Private and Public International Law, Special Legal Proceedings and the Mortgage Law with an average of more than 75 per cent.

He offered no evidence to substantiate his statement that he had passed the first year's examination for admission to the bar in 1911, but that fact appears from the records of this court.

The Joint Resolution cited by the petitioner reads in part as follows:

"WHEREAS, It is just and equitable that every citizen who began to study law in Porto Rico pursuant to a certain law regulating such study, complete his course in accordance with the legal provision in force at the time that such persons passed their first-year course in the profession of law;

"Now, THEREFORE, *Be it resolved by the Legislature of Porto Rico:*

"Section 1.—That all those citizens of the United States residing in Porto Rico who shall have passed any course in the profession of law in this Island, shall be entitled to complete their career in compliance with the provisions of the law in force at the time they passed, after an examination, the first course of the aforesaid profession."

It is clear that the letters accompanying the petition are not sufficient to prove that the petitioner passed an examination on the subjects therein named. A certificate duly issued by the competent official would be necessary. But we shall not require this for deciding the case on its merits.

In accordance with the Act of March 1, 1902, the Supreme Court prepared a program of examinations for admission to the bar on the following basis:

*First year:* Civil and Penal Law.

*Second year:* Commercial Law, Political Law and Revised Statutes.

*Third year:* Mortgage Law, Code of Civil Procedure and Code of Criminal Procedure.

In 1906 the Legislature passed, another Act regulating this matter. Acts of 1906, page 31. The Supreme Court was authorized to prepare the rules prescribing the groups and subjects. It did so, leaving the three original groups, but increasing the number of subjects. The plan was as follows:

*First Group:* Civil Law, Penal Law, Political Law.

*Second Group:* Commercial Law, Bankruptcy Law, Civil Procedure, Evidence, Criminal Procedure.

*Third Group:* Mortgage Law, International Law, Special Legal Proceedings, Notarial and Forensic Practice.

On March 9, 1911, Acts of 1911, p. 164, the Legislature amended the Act of 1906 by requiring as a prerequisite an eighth-grade diploma and by prescribing the subjects and courses as follows:

*First Course.*—Natural Law, Civil Code, Penal Code, Legal Medicine, Insular and Federal Political Code, Notarial Law.

*Second Course.*—Code of Commerce, Federal Bankruptcy Law, Political Economy, Civil and Criminal Procedure, Law of Evidence.

*Third Course.*—Mortgage Law (substantive and adjective), International Law (private and public), Treasury Department Laws, Law of Special Proceedings, Notarial and Forensic Practice.

As far as the new plan is concerned the said Act of 1911 did not go into effect until January 1, 1912.

The Legislature again took the matter up in 1916 (Acts of 1916, p. 89) and framed an entirely new law. It exacted as a prerequisite that the applicant present a bachelor's diploma or a secondary school diploma from an accredited institution having a course of at least four years, or satis-

factory evidence of an equivalent education. The plan of courses was fixed as follows:

*First Course.*—Natural Law, Roman Law, Civil Law (subjects comprised in books first and second of the Civil Code), Penal Code, Legal Medicine.

*Second Course.*—Civil Law (subjects comprised in books third and fourth of the Civil Code), Notarial Law, Code of Commerce, Federal Bankruptcy Law, Constitutional Law, Political Code and Administrative Law, Insular and Federal.

*Third Course.*—Code of Civil Procedure, Code of Criminal Procedure, Law of Evidence, Public International Law, Political Economy, General History of the Laws of Spain and England.

*Fourth Course.*—Mortgage Law (substantive and adjective), Private International Law, Special Legal Proceedings, Treasury Department Laws, General History of the Laws of the United States and Porto Rico, Forensic and Notarial Practice.

A change was made with regard to the board of examiners. Members of the Law Faculty of the University of Porto Rico and practicing attorneys were entrusted with the examination of unmatriculated students, it being provided that after passing their final examinations such students should be given certificates; and it being provided also that these students should take oral examinations before a board composed of two justices of the Supreme Court and three practicing attorneys, in the same manner as graduates of the University of Porto Rico or of accredited universities of the Continent.

As we have seen, the petitioner took the first examination in 1911 after the Act of March 9, 1911, had been passed but before it had gone into effect, and he now contends that as he had passed on the subjects required in 1911 in examinations taken in 1911, 1923 and 1924, said Joint Resolution No. 28 of 1919 authorizes his admission to the bar without further examination for the reason that in 1911 the

said oral examination was not required of candidates in his situation.

Hence, the petitioner asks this court to license him to practice as an attorney without having passed examinations on *Natural Law, Legal Medicine, Notarial Law, Political Economy* and *Public Finance,* subjects which the Legislature considered necessary as early as January 1, 1912, or on *Roman Law, Constitutional Law* and *General History of the Laws of Spain, England, United States and Porto Rico,* which the Legislature added to the plan formulated by it in 1916.

This court has no legislative authority. The Joint Resolution of 1919 is clear and we must recognize the petitioner's right thereunder to prove his capacity in accordance with the law in force in December, 1911, or the Act of 1906, and can not require him, therefore, to pass an examination on subjects not included in that Act; but it is our province to construe the laws, and, in accordance with tradition and jurisprudence, in this matter of admission to the bar our powers are particularly broad; therefore, in the exercise thereof we hold that the petitioner must pass a new examination before the board designated by the Supreme Court, which is regularly constituted every year in the months of March and November, for reasons following.

The petitioner did not take his examinations of the second and third years before the board organized under the law in force in 1911, but before the board appointed according to the Act of 1916. The latter board was created by the Legislature in conjunction with the other board referred to in the said Act composed of two justices of the Supreme Court and three practicing attorneys, before whom both unmatriculated and university students must pass examinations accrediting their right to their certificates or diplomas.

This is the actual condition of affairs at present and the proper course to be followed by those taking advantage of

the Joint Resolution of 1919 is to take examinations on each subject before the board composed of members of the Law Faculty of the University of Porto Rico and practicing attorneys, and when they have passed on all with a minimum average of 75 per cent in each course, to take a general examination before the other board designated by the Supreme Court and composed of two of its justices and of practicing attorneys. The board that existed in 1911 has been substituted by the two boards mentioned.

Referring to the petitioner's case in particular, we call attention to the fact that he passed the first year's examinations in 1911, or *thirteen years ago*. One of the subjects of that first course was the very important one of Civil Law, which is now divided into two courses. Would the Supreme Court be performing its duty in authorizing a person to practice as an attorney on the strength of an examination in Civil Law passed thirteen years ago, that person having remained inactive for eleven years and then having reappeared to be examined on other subjects of the last two years?

A license to practice law is equivalent to a notice to the entire community that the licensee has shown fully his capacity therefor, that is, that he has demonstrated his knowledge of the law and that all citizens may rely on his legal advice.

Could the Supreme Court in this case certify that the petitioner knows the Civil Law in force in Porto Rico without ascertaining by virtue of a final examination whether during the thirteen years passed since his examination the petitioner has followed the alterations made in that branch of the law in Porto Rico by legislative enactment and by judicial decisions? Certainly not.

The case of Mario Figueroa cited by the petitioner is somewhat different. Figueroa passed the examinations prescribed by the Act of 1911. Besides, his case was decided

summarily, whereas in this case the views of the court have been set forth after a careful examination of the matter.

For all of the foregoing reasons the application of the petitioner must be denied; and in order to avoid future difficulties his attention is called to the fact that in case he applies for examination he must show that he has passed also the practical examination required by this court since the first programs were prepared, which is considered of great importance, especially in cases like that of the petitioner.